**UNITED STATES of America, Appellee,**

v.

**Major Jerome BUCHANAN, Appellant.**

**No. 81–1367.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 19, 1981.

Decided Sept. 25, 1981.

William J. Dye, Jr., argued, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., St. Louis, Mo., Charles A. Shaw, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HENLEY and McMILLIAN, Circuit Judges, and COLLINSON *, Senior District Judge.

COLLINSON, Senior District Judge.

The appellant, Major Jerome Buchanan, was charged in a one-count indictment with unlawfully and knowingly having in his possession chattels of a value in excess of $100 which had been stolen and unlawfully taken away from a railroad boxcar while moving as a part of an interstate shipment, all in violation of Title 18, United States Code, § 659. He was found guilty as charged by a jury on March 10, 1981. He was subsequently sentenced by the district court [1] to eight years' imprisonment. We affirm the conviction.

The sole issue on appeal is whether appellant was denied a fair trial by the district court's failure to preclude or limit evidence as to his prior felony convictions.

Testimony at trial revealed that a Vinita Park, Missouri, police officer observed an open parking lot gate at the Goodyear Tire and Rubber Company warehouse on the evening of July 14, 1979. Proceeding into the compound, he discovered that a railroad boxcar loaded with new tires had been opened. After calling for and receiving assistance, he and another officer searched the immediate area wherein they found eight of these automobile tires secreted in a nearby weeded area.

This discovery prompted the officers to "stake-out" the area in hopes that the perpetrators would come back and claim the tires. Approximately three hours into the

---

* The Honorable William R. Collinson, Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

stake-out, appellant Buchanan and one Bruce Calvin Beck appeared and walked directly to the tires, each picking up two. As they attempted to leave with these items, both were placed under arrest.

During trial, appellant testified in his own behalf. Before so doing, however, the trial court told him, out of hearing of the jury, that the government had record of two prior felony convictions which could conceivably be revealed on cross examination. Counsel for appellant moved the court to strike the admissibility of these past convictions or to limit the inquiry solely to the fact that Buchanan had prior felony convictions. The court denied appellant's motion. Appellant, having been advised of the peril, proceeded to testify and his trial counsel chose to elicit testimony about three prior felony convictions on direct examination rather than risk a potentially damaging initial disclosure during cross examination. Appellant feels the trial court's failure to strike or restrict testimony as to his prior felony convictions constitutes denial of a fair trial.

This Court has previously held in *United States v. Scarpellino*, 431 F.2d 475, 479 (1970) that prior convictions are admissible for impeachment purposes and that any criminal defendant who takes the stand may be cross examined about his prior felony convictions. Moreover, Federal Rule of Evidence 609 recites, in pertinent part, that:

> (a) General Rule. For purposes of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination, but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Judge Wangelin clearly advised the appellant that if he chose to testify, his prior felony convictions could be disclosed. Furthermore, at the conclusion of the case, Judge Wangelin gave instruction to the jury that

> [e]vidence of defendant's previous convictions of a felony is to be considered by the jury, but only insofar as it may affect the credibility of the defendant, and must never be considered as evidence of guilt of the crime for which defendant is on trial (Tr. 151).

This Court feels that appellant's prior felony convictions were undeniably admissible and that the trial court did not err when it failed to strike or restrict testimony about them.

Affirmed.